IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary C. Mayfield, | C/A 2:14-00014-BHH-WWD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Dr. Neville; Nurse Fulton; Warden Bush; Dr. Moore; Dr. Tomarchio; Sgt. Jenkins; Counselor Breon, | |
| Defendants. | |

The Plaintiff, Gary C. Mayfield, (Mayfield), a state prisoner proceeding pro se and in forma pauperis, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon a Motion for a Preliminary Injunction filed by the Plaintiff on January 2, 2014. (Dkt. No. 3). The Plaintiff amended his complaint twice and the Defendants were served on June 11, 2014. The case was reassigned to the undersigned on June 5, 2014. The Defendants answered the Second Amended Complaint on June 27, 2014, and the Defendants responded to the Motion for a Preliminary Injunction on July 22, 2014. The Plaintiff did not reply to the Response. Hence, it appears consideration of the motion is appropriate.

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9,

1

101 S.Ct. 173, 66 L.Ed.2d 163 (1980).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

In his Complaint, the Plaintiff alleged deliberate indifference to chronic medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.  Plaintiff has a colostomy bag and has a plethora of complaints related to the treatment or alleged lack thereof for medical problems.  Plaintiff claimed that he has Hepatitis-C but receives no treatment for it.  He also complains of chronic severe pain for which he allegedly does not receive proper medication.

In his Motion for a Preliminary Injunction he seeks "proper" treatment for the Hepatitis-C because "his health is getting worse each day that defendants refuse proper medical care" and he "believes he is in serious danger."

To obtain a preliminary injunction or a temporary restraining order, a Plaintiff must show: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and  (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

Traditionally, a preliminary injunction "protect[s] the status quo ... to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by eBay, Inc.

v. MercExchange, L.L.C., 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)). In contrast, mandatory preliminary injunctions "generally do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Id. at 526 (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980)). "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." Id. A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "[A]bsent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons ... ." Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir.1994). Furthermore, "[t]he harm demonstrated by the plaintiff must be neither remote nor speculative, but actual and imminent." Manning v. Hunt, 119 F.3d 254 at 263 (1997) (internal quotation marks omitted).

Defendants contend that Plaintiff has not met the standard for a Preliminary Injunction, and argued, *inter alia*,

> Plaintiff's Motion for Temporary Restraining Order (Entry # 3) does not contain any specific allegations for the purpose of supporting Plaintiff's alleged need for a temporary restraining order. Plaintiff's motion simply contains general conclusory allegations of constitutional deprivations and a general disagreement with the medical treatment he has received and is receiving. Plaintiff makes no demonstration of the likelihood that he will suffer irreparable harm in the event the relief requested is not granted. Essentially, it appears ... he is simply asking the court to assist him with substituting his judgment for that of his treating physicians and give Plaintiff control over the course of his medical treatment.

(Dkt. 45).

The undersigned agrees and recommends denying Plaintiff's Motion for a

3

Preliminary Injunction because he has not made the proper evidentiary showing to establish all four of the Winter factors required to grant relief. Although Plaintiff states that he will suffer irreparable harm if an injunction is not issued, Plaintiff has not explained how any of these circumstances are irreparable. In addition, Plaintiff made no showing that he is likely to succeed on the merits; as noted by Defendants, they have denied the conduct of which Plaintiff complains. It does appear that Plaintiff is seeking relief for the one of the allegations he pled in his Complaint and is prematurely asking the court to assist him with substituting his judgment for that of his treating physicians.

## CONCLUSION

Plaintiff has not shown that all four Winter factors needed to grant his motion; the undersigned recommends denying Plaintiff's Motion for a Preliminary Injunction.

IT IS SO RECOMMENDED.

August 14, 2014

Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).