UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gary C. Mayfield, | ) | C/A 2:14cv0014-BHH-WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dr. Neville; | ) | |
| Nurse Fulton; | ) | |
| Warden Bush; | ) | |
| Dr. Moore; | ) | |
| Sgt. Jenkins; | ) | |
| Counselor Breon, | ) | |
| Lt. Kirkland, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, Gary C. Mayfield, (Mayfield), state prisoner number 252907, proceeding pro se and in forma pauperis, brought this civil rights action pursuant to Title 42, United States Code, Section 1983.[1] This matter is before the Court upon a Motion for Summary Judgment under FED.R.CIV.P. 56 filed on September 23, 2014. (Dkt. 55). 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C.

The Plaintiff is presently housed at Lee Correctional Institution (LCI), a facility of the South Carolina Department of Corrections (SCDC). He brought this action on

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

1

January 2, 2014, against Counselor Breon, Warden Bush, Nurse Fulton, Sgt. Jenkins, Dr. Moore, Dr. Neville, and Dr. Tomarchio and alleged that he was being subjected to cruel and unusual punishment in violation to his rights under the Eighth Amendment. Specifically he claims that the Defendants have been deliberatively indifferent to his serious medical needs in the following particulars: 1. Defendants failed to provide him with proper pain medication, 2. Defendants refused to treat his Hepatitis-C condition, and 3. Defendants failed to allow sufficient access to his cell needed to maintain his colostomy bag. He sued all Defendants in their individual and official capacities. He seeks an award of monetary damages and equitable relief.

The Plaintiff moved for a preliminary injunction on January 2, 2014. (Dkt. 3). The Plaintiff amended his complaint twice and the Defendants were served on June 11, 2014. The case was reassigned to the undersigned on June 5, 2014. The Defendants answered the Second Amended Complaint on June 27, 2014, and raised various defenses including the Plaintiff's alleged failure to exhaust his administrative remedies in violation of the Prison Litigation Reform Act's ("PLRA") exhaustion requirement, 42 U.S.C. 1997e(a) prior to bringing suit. The Defendants responded to the Plaintiff's Motion for a Preliminary Injunction on July 22, 2014. On August 14, 2014, the undersigned recommended that the Plaintiff's motion for a preliminary injunction be denied. (Dkt. 48). The Honorable Bruce Howe Hendricks denied the motion for a preliminary injunction on September 19, 2014. (Dkt. 53).

On September 23, 2014, the Defendants filed the instant motion for summary judgment along with the Plaintiff's medical records and the affidavits of David Martinez, an employee of the SCDC Inmate Grievance Branch, and Dr. John McRee, the

2

Director of the Medical Branch of the SCDC. (Dkt. 55).  On September 24, 2014, the Plaintiff was provided an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) advising him of the importance of such motions and of the need for him to file an adequate response by October 30, 2014.  The Plaintiff did not file a response to the motion and the Roseboro order.  Hence, it appears that consideration of the motion is appropriate.

## Legal Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); see also Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is a genuine material issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. FED.R.CIV.P. 56(c).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick Cnty. Comm'rs, 945 F.2d 716, 718 (4th Cir.1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  If the movant carries its burden

of showing there is an absence of evidence to support a claim, then the Plaintiff must demonstrate by affidavits,[2] depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. Id. at 324–25.

An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the Plaintiff. Anderson, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. Id. A complete failure of proof concerning an essential element of the Plaintiff's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. Anderson, 477 U.S. at 251.

## Prison Litigation Reform Act ("PLRA") and the Exhaustion of Administrative Remedies

The court will first consider the Defendants' affirmative defense that they are entitled to dismissal of the Plaintiff's claims because the Plaintiff failed to exhaust his administrative remedies prior to initiating litigation as required by 42 U.S.C. § 1997e(a). The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The PLRA requires that a prisoner

---

[2] Plaintiff's complaint is verified and based upon his personal knowledge. In this circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991). Therefore, the court construes all material factual disputes in favor of the Plaintiff as the non-moving party. A verified complaint based upon personal knowledge, standing alone, may defeat a motion for summary judgment. Id.

exhaust administrative remedies before filing a Section 1983 action concerning his confinement. 42 U.S.C.A. § 1997e(a). The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

An inmate's failure to exhaust administrative remedies is an affirmative defense that must be properly raised by the Defendant. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir .2005); see also Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Exhaustion is defined by each prison's grievance procedure, not the PLRA; an inmate must properly comply with his prison's own grievance procedures to exhaust his administrative remedies. Jones, 549 U.S. at 218.

As the United States Supreme Court has emphasized, however, an inmate can only exhaust those administrative remedies that are available to the inmate. Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions ... until such administrative remedies *as are available* are exhausted." (emphasis added)).

Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he or she completes Step 2 of the SCDC grievance procedure, and Section 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. See, e.g., Ayre v. Currie, Case No. 05–CV–3410, 2007 WL 3232177, at 7 n. 5 (D.S.C. Oct. 31, 2007); Charles v. Ozmint, Case No.

5

05–CV–2187, 2006 WL 1341267, at 4 (D.S.C. May 15, 2006).

David Martinez is employed at the SCDC in the Inmate Grievance Branch. His affidavit indicates that he has reviewed all the Plaintiff's grievances and that the Plaintiff has not exhausted the allegations in his complaint, save one.  With respect to Plaintiff's allegations that he has been denied pain medication by the Defendants, the Plaintiff did file, on May 26, 2013, a Step I grievance (Grievance # 1689-13) asserting his need for pain medication.  After receiving a response to his Step 1 grievance (# 1689-13), the Plaintiff filed a Step 2 grievance (# 1689-13) on June 12, 2013.  In that final response by SCDC, the Plaintiff was informed that:

> I have reviewed your medical record in light of your grievance.  Having multiple conditions as you do complicates care and treatment.  Treating a patient with your problems with strong pain medications can actually make the conditions worse. Since Dr. Neville told the nurse mid-August that he did not believe Tramadol was indicated at that time, you have not come back to sick call to be evaluated for any further pain.  Nor is there any record of further rectal bleeding since June.  Treatment for pain and rectal bleeding is up to the discretion of the medical provider at the institution. If your pain and rectal bleeding are continuing, please let the medical staff know through sick call.  This should resolve your grievance.

(Dkt. 55-2).

Therefore, except for Plaintiff's complaint about not receiving appropriate pain medication, his complaints are subject to dismissal without prejudice for failure to comply with the exhaustion requirement of the PLRA.

## Standard for Constitutional Medical Claims

The standard for reviewing medical claims of a convicted prisoner under the Eighth Amendment is deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871

(4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle, 429 U.S. at 105.  A Defendant is deliberately indifferent if he or she has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004).

The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102.  To establish deliberate indifference, however, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990).  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Furthermore, while the Constitution requires a prison to provide prisoners with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  "A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985).  Moreover, a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine ... medical fitness, whether

7

physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F.Supp.2d 1064, 1070 (C.D.Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

The record here includes the sworn affidavit of John McRee, M.D., the interim Director of the Medical Branch of the SCDC, who stated that he reviewed the Plaintiff's medical records, and , regarding his complaint of not being given pain medication, Dr. McRee averred:

> 13. The Plaintiff also alleges in his Complaint that he has been denied pain medication by SCDC. This allegation is without merit.
>
> 14. On October 10, 2013, a prescription of Ultram was ordered for Mr. Mayfield for pain. The prescription was for a six (6) month supply. (Mayfield OI5).
>
> 15. Prior to that, the Plaintiff was given supplies of pain medications on numerous other occasions, including, but not limited to, August 2nd, June 13th, and March 15th in the year 2013. (Mayfield018, Mayfield020, and Mayfield025).
>
> 16. At the time of the filing of his Complaint, on December 27, 2013, the Plaintiff was receiving pain medication by virtue of the October 10, 2013, order of Dr. Neville, which provided a prescription for pain medication for through April, 2014.

(Dkt. 55-3).

Hence, the record shows that the Plaintiff was provided treatment for his pain; he cannot demonstrate that the Defendants' actions rose to the level of deliberate

8

indifference to a serious risk of harm. As stated above, the Plaintiff does not have a claim against the Defendants merely because he disagrees with the course of treatment he received. See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F.Supp.2d at 1070.

At most, the Plaintiff's claims allege negligence or medical malpractice, which is not actionable under Section 1983. See Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under Section 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793–94 (4th Cir.1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The Plaintiff has therefore failed to show that the alleged deprivation was sufficiently serious such that it resulted in the denial of the minimal civilized measure of life's necessities or that the Defendants actually knew of a substantial risk to him and disregarded that substantial risk. See Farmer, 511 U.S. at 847.

The Plaintiff has not forecast evidence upon which a reasonable fact finder could return a verdict for the Plaintiff, and as such, the Defendants are entitled to judgment as a matter of law.

Under the facts of this case the Defendants would also be entitled to qualified immunity from suit as set forth in Harlow v. Fitzgerald, 457 U.S. 800 (1982) and its progeny.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the Plaintiff's complaints about all matters raised except the allegation regarding pain medication, be dismissed without prejudice for failure to comply with the PLRA's exhaustion requirement. It is further recommended that the Defendants are entitled to judgment as a matter of law on the Plaintiff's complaint regarding pain medications, and in the alternative, are entitled to qualified immunity.

IT IS SO RECOMMENDED

November 13, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).